IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lawrence C. Lane, Jr., </br>                  Plaintiff, </br> vs. </br> Hilton Worldwide, Inc., </br>                  Defendant. | Civil Action No. 6:11-2288-TMC-KFM </br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motions to dismiss for failure to state a claim (docs. 11, 28). The plaintiff, who is proceeding *pro se*, alleges that the defendant defamed him. The defendant removed the action from state court based upon diversity jurisdiction. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The instant case was removed to this court on August 26, 2011. On September 2, 2011, the defendant filed a motion to dismiss for failure to state a claim or, alternatively, for a more definite statement (doc. 11). On September 6, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff filed a motion to amend his complaint on October 11, 2011, to which the defendant consented. This court granted that motion on October 12, 2011, and the amended complaint was filed the same day. On October 25, 2011, the defendant filed a motion to dismiss the amended complaint for failure to state a claim (doc. 28). Another *Roseboro* order was issued on October 27, 2011, and the plaintiff filed his opposition to the

motion to dismiss on November 29, 2011. Based upon the foregoing, the defendant's motion to dismiss the original complaint (doc. 11) is now moot as the plaintiff has since filed an amended complaint.

The plaintiff alleges in his amended complaint that he was a guest at the Hilton Hotel in Singapore, from about February 12, 2011, until about February 27, 2011. He alleges that the defendant communicated verbally, electronically, or in writing to Boeing Training and Flight Services ("Boeing"), for whom he was a flight instructor, that he "'demanded' certain services from the Hotel." The plaintiff claims that the defendant intended the statement to mean that he had "behaved inappropriately during his Hotel check-in or at other times with regard to his interactions with the hotel staff." Thereafter, Boeing terminated what was to have been a six-week work assignment after two weeks. The plaintiff claims the allegedly defamatory communication caused great injury to his reputation and deterred third persons from associating with him (amended comp. ¶¶ III-VIII). He seeks general damages in the amount of $1,500,000.00 and punitive damages in the amount of $500,000.

In the plaintiff's declaration submitted in support of the amended complaint (doc. 20-1), the plaintiff sets forth his professional training in the use of Boeing aircraft, the estimated cost of such training to Boeing, the nature of his six-week assignment as a flight simulator instructor for Boeing, the timing of arrivals of other Boeing employees, contractors, and supervisors, his work in Singapore, his receipt of a ticket back to South Carolina, Boeing's subsequent decision to discontinue use of his services, and his wages before and after his stay at the Singapore Hilton (pl. decl. in supp. amended comp. ¶¶ 2-5, 7-10, 12, 15-16).

The plaintiff states that he checked in to the Singapore Hilton shortly after midnight on February 12, 2011, with his check-in lasting approximately five minutes. The plaintiff further states that Boeing's Fleet Manager, Carl Davis, who had recently arrived,

informed him that "the Singapore Hilton accused [him] of 'demanding certain services not available to the other pilots'" on or about February 24, 2011.  The plaintiff admits that he "had requested, via email, that [his] Hilton Honors status be upgraded to Gold based on previous stays at Hiltons as well as the length of time [he] was scheduled to be in Singapore."  The plaintiff further cites an alleged email from Hilton's General Manager in which he stated to the plaintiff, "[a]s for our communications with Boeing, during the initial phase of the program, Boeing asked for a daily meeting to review all logistics pertaining to the hotel and asked [Hilton] to bring to [Boeing's] attention any deviation from the original room bookings [Boeing] had forwarded to [Hilton] and [the plaintiff's] requests for upgrade, falling in this category, were brought to [Boeing's] attention as requested" (*id.* ¶¶ 6, 8, 13).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted.  Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555).  When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all

3

well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. See *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

On a Rule 12(b)(6) motion to dismiss, a court considers documents "attached to the complaint, as well as those [documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). This court finds the plaintiff's declaration attached to his amended complaint to be integral to the complaint, and the authenticity of the document has not been challenged here. Accordingly, the court will consider the document.

The defendant argues that the plaintiff's amended complaint fails to state a claim for defamation. This court agrees. Under South Carolina common law, "[i]n order to prove defamation, the complaining party must show: (1) a false and defamatory statement was made, (2) the unprivileged statement was published to a third party, (3) the publisher was at fault, and (4) the statement was actionable irrespective of harm or the publication of the statement caused special harm." *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002) (citing *Holtzscheiter v. Thompson Newspapers*, 506 S.E.2d 497 (S.C. 1998)).

In any alleged case of defamation, "[i]t is the trial court's function to determine initially whether a statement is susceptible of having a defamatory meaning." *Pierce v. Northwestern Mut. Life Ins. Co.*, 444 F.Supp 1098, 1101 (D.S.C. 1978) (citing *Jackson v. Record Publishing Co.*, 178 S.E. 833 (S.C. 1935). "The Court will not hunt for a forced and strained construction to put on ordinary words, but will construe them fairly, according to their natural and reasonable import, in the plain and popular sense in which the average reader naturally understands them. There is no presumption of defamation." *Timmons v. The News & Press, Inc.*, 103 S.E.2d 277, 280-81 (S.C. 1958) (quoting *Hospital Care Corp. v. Commercial Cas. Ins. Co.*, 9 S.E.2d 796, 800 (S.C. 1940)). While South Carolina courts

4

have formulated varying descriptions of "defamatory" over time, perhaps the most comprehensive is that a statement is defamatory if it tends "to impeach the honesty, integrity, virtue, or reputation, or publish the natural or alleged defects, of one who is alive and thereby expose him to public hatred, contempt, or ridicule, or obloquy, or to cause him to be shunned or avoided, or to injure him in his office, business, or occupation." *State v. Brock*, 39 S.E. 359, 363 (S.C. 1901) (citation omitted).

In his amended complaint, the plaintiff identifies the defamatory statement to be that he "'demanded' certain services from the hotel." Assuming as true that the defendant informed Boeing that the plaintiff demanded certain services as a guest of the Singapore Hilton, this statement does not rise to the level of being defamatory. As noted by the defendant, in his amended complaint, the plaintiff employs quotation marks around the word "demanded," seemingly to emphasize the word in conjunction with the services. A search of dictionary meanings of the present tense verb "demand" yields several definitions. For example, *Merriam-Webster Dictionary* defines the verb "demand" as "1: [t]o ask or call for with authority : claim as due or just…2: to call for urgently, peremptorily, or insistently . . . 3: To ask authoritatively or earnestly to be informed of… [and/or] 4: to call for as useful or necessary. . . ." Thus, the popular usages of the word "demand" indicate that the plaintiff either asked for the services with great urgency or with a claim of right. Demand Definition, merriam-webster.com, http://www.merriam-webster.com/dictionary/demand (last visited Feb. 27, 2012). The plaintiff asserts, correctly, that the word "demand" also means to "ask authoritatively or brusquely" (pl. resp. m. to dismiss at 3-4). A review of definitions for "brusquely" reveals the word to mean "markedly short and abrupt" and "blunt in manner or speech often to the point of ungracious harshness." Brusque Definition, merriam-webster.com, http://www.merriam-webster.com/dictionary/brusquely (last visited Feb. 27, 2012). In the popular sense, every customer who checks into a hotel demands the services of the hotel.

5

As argued by the defendant, there is simply nothing about the act of demanding services of a hotel that would lower the community's estimation of an individual. Further, even if the defendant implied that the plaintiff acted brusquely in requesting services of the hotel, as the plaintiff contends, this implication does not rise to the level of being defamatory.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion to dismiss the amended complaint (doc. 28) pursuant to Rule 12(b)(6) be granted. Furthermore, the defendant's motion to dismiss the original complaint (doc. 11) is moot.

IT IS SO RECOMMENDED.

February 28, 2012　　　　　　　　　　　　　　s/ Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.