IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lawrence C. Lane, Jr., ) | |
| ) | C.A. No. 6:11-2288-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Hilton Worldwide, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The *pro se* plaintiff Lawrence C. Lane, Jr. (Lane) filed this action against the defendant, Hilton Worldwide, Inc. (Hilton), alleging defamation. (Dkt. No. 20.) This matter is before the court for review of the Report and Recommendation (Report) (Dkt. No. 33) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. The Report recommends[1] grating the Hilton's motion to dismiss. (Dkt. No. 28.) The court adopts the Report and grants the motion to dismiss.

The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's Report. Briefly, Lane alleges that he was hired by Boeing Training and Flight Services (Boeing) to conduct training seminars in Singapore in 2011. As part of the agreement, Boeing was to pay for him to stay at the Hilton Hotel in Singapore. Lane states that two weeks into his stay, a representative of Boeing confronted him and told him that the Hilton

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Hotel accused Lane of "demanding certain services" from the hotel.[2] Lane alleges that Boeing terminated him as a result of this incident, causing actual and reputational damages.

On February 28, 2012, the magistrate judge issued the Report, which recommended finding that even accepting Lane's allegations as true, they do not constitute defamation. Lane timely filed objections to the report. (Dkt. No. 37.) In his objections, Lane speculates that Hilton might have used stronger language than "demanded" when discussing the incident with Boeing. Lane also alleges that Hilton maintains control of information, e.g., a security video, that could substantiate his speculation.

The court finds this objection unpersuasive. A complaint must raise the possibility of "relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1950 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Rule 8(a)(2), Fed. R. Civ. P.). Here, Lane's new speculation, that Hilton used stronger language than first alleged, is precisely that: speculation. Accordingly, it does not raise the possibility of relief above the speculative level.[3]

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 33.) It is therefore **ORDERED** that the motion to dismiss is **GRANTED**. (Dkt. No.28.)

**IT IS SO ORDERED.**

---

[2] Lane states that he asked for a room upgrade upon check-in, which he believes he was due as a member of the Hilton Hotel Honors Program, which is a reward program guests who frequently stay at Hilton-owned hotels.

[3] The court notes that Lane does not objection to the magistrate judge's recommendation that Hilton's conveying to Boeing that Lane "demanded" services does not constitute defamation. The court adopts the recommendation and reasoning of the magistrate judge as to defamation.

<u>s/Timothy M. Cain</u><br>
Timothy M. Cain<br>
United States District Judge

Greenville, South Carolina
April 10, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.